IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | Case Number: 9:05-928 |
| MICHAEL A. SINGER, et al. | ) | |
| —————————————— | ) | |

| | | |
|---|---|---|
| IN RE GRAND JURY SUBPOENA | ) | GJ# 2:06-5001 |
| DATED AUGUST 1, 2006 | ) | |
| —————————————— | ) | |

## MOTION TO INTERVENE AND QUASH IMPROPER GRAND JURY SUBPOENA

The undersigned Defendants in pending criminal action <u>United States v. Singer, et al.,</u>

Case Number 9:05-CR-928, through counsel, hereby move to intervene in Grand Jury

proceeding number 2:06-5001, to quash an improper subpoena dated August 1, 2006, issued to

one Terry Radha Burns, of 2631 N.W. 41st Street, #E-2, Gainesville, Florida (the "Subpoena").

For the reasons detailed in the accompanying memorandum of law, the Defendants request that

the Court (i) immediately order the government to hold in abeyance Mrs. Burns's appearance

before the Second Grand Jury until resolution of this motion, (ii) quash the Subpoena as

improperly issued, and/or (iii) order that the government file an affidavit and/or submit for

inspection the minutes of the grand jury verifying the bona fides, if any, of the grand jury's

investigation.

Dated: September 22, 2006

Respectfully Submitted,

**ATTORNEYS FOR MICHAEL A. SINGER**

By: <u>/s/ John Simmons</u>
John Simmons, Esquire
1711 Pickens Street

DC01:453243.4

7

Columbia, South Carolina 29202
(803) 779-4600
jsimmons@simmonslawfirm.com

By: /s/ Randall J. Turk
Randall J. Turk
Christopher R. Cooper
BAKER BOTTS L.L.P.
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Tel: (202) 639-7700
Fax: (202) 639-7890
randy.turk@bakerbotts.com
casey.cooper@bakerbotts.com


**ATTORNEYS FOR JOHN H. KANG**

By: /s/ Eduardo Kelvin Curry
Eduardo Kelvin Curry
Curry Counts and Huger
P.O. Box 80399
Charleston, South Carolina 29416
(843) 573-0143
currycountspa@aol.com

By: /s/ John F. Lauro
John F. Lauro
Karen L. Nashbar
Lauro Law Firm
101 E. Kennedy Boulevard
Tampa, Florida 33602
(813) 222-8900
jlauro@laurolawfirm.com
knashbar@laurolawfirm.com


**ATTORNEYS FOR JOHN P. SESSIONS**

By: /s/ Dale Dutremble
Dale Dutremble
Dale Dutremble, LLC
P.O. Box 2326
Mt. Pleasant, South Carolina 29465
(843) 740-2553

ddutremble@northcharleston.org
ddutremble@hotmail.com

By: /s/ Gary R. Trombley
Gary R. Trombley, Esquire
Ronald Hanes, Esquire
Matt Luka, Esquire
Trombley & Hanes, P.A.
Tampa Theatre Building, 10th Floor
707 North Franklin Street
Tampa, Florida 33601
(813) 229-7918
Fax: (813) 223-5204
gtrombley@trombleyhaneslaw.com
rhanes@trombleyhaneslaw.com
mluka@trombleyhaneslaw.com


**ATTORNEYS FOR LEE ROBBINS**

By: /s/ Gregory Poole Harris
Gregory Poole Harris
1720 Main Street
Suite 301
Columbia, SC 29201
(803) 779-7080
Fax: (803) 799-4059
gharris@gharrislaw.com

By: /s/ Dale R. Sisco
Dale R. Sisco
Mark Wilfred Ciaravella
Dale R Sisco Law Office
500 E Kennedy Boulevard
Suite 100
Tampa, Florida 33602
(813) 224-0555
Fax: (803) 221-9736
dsisco@sisco-law.com
mciaravella@sisco-law.com

**ATTORNEYS FOR CHARLES L. HUTCHINSON**

By:  /s/ Sherri A. Lydon
Sherri A. Lydon, Esquire
2530 Canterbury Road
Columbia, South Carolina 29204
(803) 331-8690
Fax: (803) 753-9093
slydon@sc.rr.com

By:  /s/ Kevin Napper
Kevin Napper, Esquire
Adam P. Schwartz, Esquire
Carlton Fields, P.A.
Corporate Center Three at International Plaza
4221 West Boy Scout Boulevard
P.O. Box 3239
Tampa, Florida 33601-3239
(813) 229-4312/(813) 223-7000
Fax: (813) 229-4133
knapper@carltonfields.com
aschwartz@carltonfields.com

**ATTORNEYS FOR DAVID A. WARD**

By:  /s/ Andrea K. St. Amand
Andrea K. St. Amand, Esquire
Nelson Mullins Riley & Scarborough
151 Meeting Street, Suite 600
Charleston, South Carolina 29401
(843) 534-4212
andrea.st.amand@nelsonmullins.com
nld.law@verizon.net (Secretary)

By:  /s/ John M. Fitzgibbons
John M. Fitzgibbons, Esquire
Tampa Theatre Building
707 North Franklin Street, Suite 700
Tampa, Florida 33602-4441
(813) 221-8800
Fax: (813) 228-9813
fitzgibbons.law@verizon.net

**ATTORNEYS FOR FREDERICK B. KARL, JR.**

By:  /s/ James M. Griffin
James M. Griffin, Esquire
1116 Blanding St., Suite 2B
Columbia, South Carolina  29201-2840
P.O. Box 999
Columbia, South Carolina  29202
(803) 744-0800
jmp@jmgriffinlaw.com

By:  /s/ James K. Robinson
James K. Robinson, Esquire
Philip Urofsky, Esquire
Cadwalader Wickersham & Taft, LLP
1201 F Street, N.W., Suite 1100
Washington, D.C.  20004
(202) 862-2462/(202) 862-2494
Fax:  (202) 862-2400
jim.robinson@cwt.com
philip.urofsky@cwt.com

**ATTORNEYS FOR TED W. DORMAN**

By:  /s/ Alexander M. Sanders, Jr.
Alexander M. Sanders, Jr.
William Norman Nettles
Sanders and Nettles
914 Richland St.
Suite A-102
Columbia, South Carolina  292014
(803) 779-9966
Fax:  (803) 256-2302
alex@billnettles.com
billn@billnettles.com

By:  /s/ Timothy M. Broas
Timothy M. Broas
Winston and Strawn
1700 K Street, NW
Washington, DC  20006
(202) 282-5750
tbroas@winston.com

## ATTORNEYS FOR MAXIE A. JUZANG

By:  /s/ Andrew J. Savage, III
Andrew J. Savage, III, Esquire
Savage & Savage, P.A.
P.O. Box 1002
Charleston, South Carolina  29402
(843) 720-7470
andy@savlaw.com

By:  /s/ Terree A. Bowers
Terree A. Bowers, Esquire
Howrey, LLP
550 South Hope Street, Suite 1100
Los Angeles, California  90071
(213) 892-1882
bowerst@howrey.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## BEAUFORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case Number: 9:05-928 |
| | ) | |
| MICHAEL A. SINGER, et al. | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| IN RE GRAND JURY SUBPOENA | ) | GJ# 2:06-5001 |
| DATED AUGUST 1, 2006 | ) | |
| _____ | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE AND QUASH IMPROPER GRAND JURY SUBPOENA

The undersigned Defendants ("Defendants") in pending criminal action United States v. Singer, et al., Case Number 9:05-CR-928, through undersigned counsel, hereby submit this memorandum of law in support of their Motion to Intervene and Quash Improper Grand Jury Subpoena. In particular, the Defendants move to intervene in Grand Jury proceeding number 2:06-5001, to quash an improper subpoena dated August 1, 2006, issued to one Terry Radha Burns, of 2631 N.W. 41st Street, #E-2, Gainesville, Florida (the "Subpoena").[1]

As an initial matter, the Court should order the Subpoena held in abeyance until resolution of this motion. Mrs. Burns's lawyer made that request of the government prior to the Defendants filing this motion, however, the government refused. If Mrs. Burns is made to testify to the Grand Jury, currently scheduled for October 10, before resolution of the instant motion,

---

[1] To the extent other improper subpoenas have been issued by the government under the guise of conducting a new grand jury investigation, the Defendants reserve the right to move to quash those subpoenas as well.

this motion would become moot, and the Defendants' right to be heard will not have been protected.

More substantively, the Subpoena, while purporting to relate to a grand jury investigation of bank fraud, is in fact an improper effort by the government to gather evidence for trial and shore up the existing indictment in United States v. Singer, et al. That indictment was obtained in December 2005 by the United States against ten former executives of Medical Manager Corporation, after a three-year grand jury investigation. The recipient of the Subpoena, Mrs. Radha Burns, is a former Medical Manager employee whose job responsibilities had nothing whatsoever to do with the Company's commercial banking activities. At all times during her employment, Mrs. Burns worked at Medical Manager's Research & Development Division in Alachua, Florida, working with Medical Manager's former CEO, defendant Mickey Singer. Her job responsibilities included reporting operational financial information relating to Medical Manager's Alachua operations to Medical Manager's headquarters in Tampa, Florida—issues having nothing to do with corporate finance or banking.

Mrs. Burns' close working relationship with Mr. Singer makes her an important fact witness regarding the allegations in the existing indictment. The government, however, neglected to secure her testimony during the existence of the grand jury that returned the indictment. That oversight apparently has caused the Department of Justice—which has assumed control over the case from the U.S. Attorney—to compel her testimony under the guise of a new "bank fraud" investigation. The government's transparent use of a new grand jury to gather evidence on already indicted offenses is an abuse of the grand jury process. Therefore, as discussed in more detail below, the Court should immediately hold in abeyance any requirement to comply with the Subpoena, allow the Defendants to intervene, and quash the Subpoena and/or

require the government to submit a sworn affidavit attesting to the scope and propriety of the current grand jury investigation.

## I.     FACTUAL BACKGROUND

### A.     Bobby Davids And The First Grand Jury Investigation

The Court is by now familiar with the circumstances that gave rise to this case. In early 2003, Medical Manager management learned that the Company's Vice President for Business Development, Bobby Davids, had been embezzling millions of dollars from the Company. When it became obvious to Mr. Davids that his theft was about to be discovered, he exercised all his stock options and resigned from the Company. In March 2003, Medical Manger filed a civil lawsuit against Mr. Davids, seeking the return of the stolen funds. That lawsuit ultimately revealed that Mr. Davids misappropriated more than $6.3 million over a six-year period, and summary judgment in that amount (plus repayment of salary and stock options) was entered in favor of the Company on August 8, 2005.

Within a week after Medical Manager filed its lawsuit against him, Davids, who resided in Hilton Head at the time, approached the U.S. Attorney's Office and FBI in Charleston with tales of widespread accounting fraud at both Medical Manager and its then-corporate parent, WebMD. The government, taking the position that Mr. Davids "self-reported" his criminal conduct, began a lengthy grand jury investigation in the spring of 2003 in the U.S. District Court for the District of South Carolina (the "First Grand Jury").

**B.** **The Indictment In United States v. Singer, et al.**

On December 15, 2005, the First Grand Jury returned a ten-count superseding indictment against ten then-current or former executives of Medical Manager, including its CEO, COO, CFO, Controller, General Counsel, Associate General Counsel, Chairman, President, and several vice presidents (the "Indictment"). The Indictment alleges (i) conspiracy to commit mail, wire, and securities fraud; (ii) conspiracy to commit money laundering; and (iii) eight counts of substantive money laundering. The crux of Davids' and the government's allegations is that the Defendants, through a software distributor acquisition program headed by Davids himself, conspired to commit various and complicated acts of accounting fraud to artificially boost Medical Manager's revenues, thus artificially inflating its stock price and profiting thereby.

**C.** **The Second Grand Jury Investigation And The Subpoena**

The Department of Justice's Fraud Section has now taken control of the case away from the U.S. Attorney. The Department also apparently convened a new grand jury (the "Second Grand Jury") and, on August 1, 2006, issued the Subpoena that is the subject of this motion. The Subpoena is signed by Jerrob Duffy, the lead trial attorney from Washington, D.C. who has recently assumed control of this case. The Subpoena, attached hereto as Exhibit A, calls for Mrs. Burns to present testimony and documents to the grand jury on September 12, 2006.[2]

The Subpoena directs Mrs. Burns to produce to the Second Grand Jury "all documents relating to or incident to loans or extensions of credit to Medical Manager Corp. or its successors

---

[2] The response date was moved to October 10, 2006, by agreement of the government and counsel for Mrs. Burns. As previously noted, although counsel for Mrs. Burns requested that the government postpone her grand jury appearances until the Court has had an opportunity to rule on the instant motion, Mr. Duffy refused to do so.

from federally insured financial institutions for the time period 1997 to the present." <u>See</u> Ex. A. Attached to the Subpoena is an Advice of Rights sheet stating simply that the "grand jury is conducting an investigation of possible violations of federal criminal laws involving bank fraud." <u>Id.</u>

Mrs. Burns is a former employee of Medical Manager. From 1997 until 2000, she was principally employed as controller for Medical Manager's Research & Development division, located in Alachua, Florida. <u>See</u> Exhibit B (Declaration of Terry Radha Burns) at ¶ 2. After 2000, until 2005, she also held the positions of Vice President of Financial Operations and regional controller for Network Services, a division of Medical Manager also located in Alachua, Florida. <u>Id.</u> Mrs. Burns worked closely with Medical Manager CEO, defendant Mickey Singer. Her job duties included reporting of financial information for the Company's Research & Development operations in Alachua, Florida, to Medical Manager's corporate headquarters in Tampa, Florida. <u>Id.</u> at ¶3.

As the Court has previously been advised, the government seized approximately 1,500 boxes of documents and approximately 11 billion pages of electronic data from the Company during a search and seizure—including of the Company's offices in Alachua—in September 2003. These documents and electronic data consisted of virtually all of the Company's records with respect to every aspect of Medical Manager's financial and business operations from its inception to the date of the execution of the search warrant. On information and belief, the government has made no request of the Company for the documents it now purports to be seeking from former employee Mrs. Burns.

5

Mrs. Burns, however, did not play any role whatsoever in any aspect of Medical Manager's corporate banking practices. Id. at ¶4. Nor did she have any discussions with anyone else at Medical Manager concerning such activities. Id. To the best of the Defendants' knowledge, all such activities were handled by either Medical Manager's corporate headquarters in Tampa, Florida, or, after the 1999 merger with Synetic and the 2000 merger with Healtheon WebMD, at WebMD's (formerly Synetic's) corporate headquarters in New Jersey. Mrs. Burns never conducted any work at either facility. Id. at ¶5. Nor did she interact, on Medical Manager's behalf, with any federally insured bank, federal reserve bank, or any member of the federal reserve system. Id. at ¶6. Nor did Mrs. Burns have any involvement in Medical Manager's obtaining of any money, funds, or other property owned by or under the custody or control of a federally chartered or insured financial institution. Id. She has no documents in her possession or control that are or could be responsive to the Subpoena. Id. at ¶7. Furthermore, to the knowledge of the Defendants, Medical Manager has never conducted any banking activities in South Carolina.

## II.    ARGUMENT

The Subpoena represents an obvious and conscious effort by the government to use the Second Grand Jury to bolster its conspiracy allegations against the Defendants, and to gather evidence for use in the pre-trial and trial stages of the Indictment. Such a use of the grand jury is clearly forbidden and improper. For that reason, this Motion to Intervene and Quash Improper Grand Jury Subpoena should be granted.

## A. The Defendants Have Standing To Intervene And Move To Quash The Subpoena

The Defendants are charged with conspiracy to commit various acts of fraud between 1996 and 2003, in connection with Medical Manager's acquisition program, which began in earnest following Medical Manager's initial public offering in 1997. <u>See</u> Indict. Count One ¶¶18, 22. Now, more than nine months after the Indictment was handed up, the Department of Justice has swooped in, taken over the case, and convened a new grand jury to gather testimony and evidence to bolster the government's case against the Defendants. That these Defendants have a direct and personal interest in challenging the propriety of the government's questionable effort to use the grand jury in this fashion is self-evident. That they have standing to raise such a challenge is similarly indisputable.

Rule 24(a) of the Federal Rules of Civil Procedure governs the right of an interested third party to intervene in court proceedings. That Rule provides in part that:

> [A]nyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest . . . .

Fed. R. Civ. P. 24(a). It is totally impermissible for the government to use the grand jury process to discover evidence relevant to an existing indictment. To gather information and testimony relating to the Indictment is the clear purpose of the Subpoena. <u>See</u> Section II.B., *infra*. There can be no dispute that, under Rule 24(a), the Defendants have standing and should be permitted to intervene to protect their interests. <u>See, e.g.</u>, <u>In re Grand Jury Proceedings (PHE, Inc.)</u>, 640 F. Supp. 149, 152 (E.D.N.C. 1986) (relying on Fed. R. Civ. P. 24(a)(2) to allow intervention as of right in grand jury proceeding); <u>see also</u> <u>In re Grand Jury Subpoena</u>, 341 F.3d 331, 332 (4th Cir.

2003); In re Grand Jury Subpoena, 204 F.3d 516, 528 (4th Cir. 2000); In re Grand Jury Proceedings (Fernandez), 814 F.2d 61, 66 (1st Cir. 1987) (granting standing to contest propriety of grand jury subpoena to defendant "based on the harm to his interests as a defendant in a criminal trial").

**B.      The Use Of The Second Grand Jury To Gather Evidence To Support A Pending Indictment Is An Abuse Of The Grand Jury Process**

It is settled law that the government "cannot utilize the grand jury solely or even primarily for the purpose of gathering evidence in pending litigation." United States v. Moss, 756 F.2d 329, 332 (4th Cir. 1985). "Once a defendant has been indicted, the government is precluded from using the grand jury for the 'sole or dominant purpose' of obtaining additional evidence against him." Id.; see also United States v. Brothers Constr. Co. of Ohio, Inc., 219 F.3d 300, 314 (4th Cir. 2000); United Sates v. (Under Seal), 714 F.2d 347, 349 (4th Cir.), cert. dismissed, 469 U.S. 978 (1983) ("The principles that the powers of the grand jury may be used only to further its investigation, and that a court may quash a subpoena used for some other purpose, are both well recognized . . . . [P]ractices which do not aid the grand jury in its quest for information bearing on the decision to indict are forbidden. This includes use of the grand jury by the prosecutor . . . as a means of civil or criminal discovery."). That is exactly what the government is seeking to do with the Subpoena at issue here.

Despite the moniker of 'grand jury subpoena,' such subpoenas are "in fact almost universally instrumentalities of the [government]." In re Grand Jury Proceedings (Schofield), 486 F.2d 85, 90 (3d Cir. 1973). As such, they are susceptible to being put to improper use. Thus, despite the presumption of regularity attached to grand jury proceedings (for which the movant has the burden to overcome), Moss, 756 F.2d at 332, when charges of grand jury abuse

in the form of using the grand jury's subpoena power for improper means are made, "the actions of the government should be closely scrutinized." United States v. Finazzo, 407 F. Supp. 1127, 1131 (E.D. Mich. 1975). This is because "almost universally in the case of grand jury subpoenas, all the relevant information is in the hands of the government enforcement agency." In re Grand Jury Proceedings (Schofield), 486 F.2d at 92.

Moreover, mere assertions of proper purpose cannot suffice to defeat a claim that a grand jury subpoena has been issued to gather discovery against a defendant already under indictment. It is permissible for the government, in good faith, to use the grand jury to investigate other potential charges or individuals, even if such investigation inadvertently yields information relevant to the pending indictment. Moss, 756 F.2d at 332; In re Grand Jury Proceedings (Johanson), 321 F.2d 1033, 1040 (3d Cir. 1980). Such permission, however, can only go so far. If bald assertions of additional charges or targets of investigation sufficed, then "in virtually every case, [the government] could keep a grand jury investigation alive against an indicted defendant . . . simply by making a representation that it was contemplating bringing further charges." United States v. Crosland, 821 F. Supp. 1123, 1127 (E.D. Va. 1993). The court in Crosland refused to allow this, finding that "[u]ncritical acceptance of this practice would undermine, if not nullify, the rule that grand jury subpoenas cannot be used for post-indictment discovery." Id.; see also In re Grand Jury Proceedings (Schofield), 486 F.2d at 92 (holding that because government retains relevant information as to its investigation, in combination with grand jury secrecy rules, government ought to make some showing of proper purpose).

Here, there is no basis for the Second Grand Jury investigation and resulting Subpoena other than to gather evidence to prop up the government's already meager case that these Defendants were involved in Bobby Davids' fraud. While the face of the subpoena purports to

9

relate to a "bank fraud" investigation of Medical Manager, which would seem to be an investigation into additional charges, the Court should look beyond the face of the Subpoena to determine whether the government is acting in good faith. Upon such examination, good faith is lacking.

Mrs. Burns has no possible evidence to provide the government relating to any alleged "bank fraud." Bank fraud involves defrauding federally chartered or insured financial institutions, or obtaining monies, funds, or other property owned by or under the custody or control of a federally chartered or insured financial institution through false pretenses. See 18 U.S.C. § 1344. As previously noted, Mrs. Burns had no connection at all to Medical Manager's corporate banking activities, all of which Defendants believe were handled by Medical Manager headquarters in Tampa, Florida, and by WebMD headquarters in New Jersey following the 1999 and 2000 mergers. Mrs. Burns has never worked at either corporate headquarters, and never had responsibility for corporate banking activities. Mrs. Burns did not interact, on Medical Manager's behalf, with any federally insured bank, federal reserve bank, or any member of the federal reserve system. Nor did Mrs. Burns have any involvement in Medical Manager's obtaining of any money, funds, or other property owned by or under the custody or control of a federally chartered or insured financial institution.

Rather, Mrs. Burns was involved in reporting operational financial information concerning the Company's Research & Development division in Alachua, Florida, to Medical Manager's Tampa headquarters, and was completely insulated from the banking operations being handled by other offices. None of this is unknown to the government—which has had the complete cooperation of the Company and three years to review every document related to this case.

Making the government's improper use of the grand jury more transparent is that, as far as the Defendants are aware, the government has failed to subpoena either the Company or the individuals in Tampa or New Jersey who might actually have knowledge of Medical Manager's commercial banking activities. The only logical conclusion to draw is that the government is seeking to compel testimony from new witnesses who did not testify before the First Grand Jury and, in particular, to gather evidence from an important fact witness for the existing Indictment.

Further evidence of the abuse of the grand jury process is found in that (1) the government is using the grand jury subpoena power to harass a former associate of the Defendants to gather documents almost certainly *already in the government's possession*, and (2) the Second Grand Jury does not even have venue over bank fraud allegations relating to Medical Manager. *First*, it is abuse to use the grand jury to attempt to gather evidence the government already possesses. Cf. In re Grand Jury Subpoena, 175 F.3d 332, 340 (4th Cir. 1999) (upholding quashing of grand jury subpoena seeking records previously requested in and pertaining to already-pending litigation). In 2003, pursuant to search warrants and grand jury subpoenas, the government seized some 11 billion pages of data, including demands for "Bank statements" and "Any and all accounting and financial records" of Medical Manager. See Exhibit C, attach. at nos. 9 & 10. The decision to issue the Subpoena contested here evidences either that the government *still has little if any idea* what evidence it already possesses among the billions of pages it indiscriminately seized in 2003, or that it its subpoenaing of these materials from Mrs. Burns is pure pretext.[3] *Second*, Medical Manager was a Florida-based company that conducted

---

[3] Indeed, during a recent review of original evidence seized by the government and located in Wando, South Carolina, defense counsel came upon bank records of Medical Manager which appear not to have been reviewed in any detail by the government.

23

its banking operations with Florida banks. There are no facts of which the Defendants, who ran Medical Manager, are aware that could support venue over any bank fraud-related charges in South Carolina. Cf. Brown v. United States, 245 F.2d 549, 554-55 (8th Cir. 1957) (conviction reversed when illegal acts investigated by grand jury occurred in a different jurisdiction).

The only plausible explanation, then, is that the government is seeking to use the Second Grand Jury, and the Subpoena in particular, to find evidence to bolster its allegations in the Indictment. In light of these events, which demonstrate irregularity, mere assertion by the government that it is investigating other crimes cannot suffice. Cf. United States v. Jackson, 863 F. Supp. 1449, 1453 (D. Kan. 1994) (court need not accept at face value the government's word that investigation is proper when there are a sequence of events demonstrating irregularity).

Because such use of the grand jury is forbidden, the Court should quash the Subpoena. If the Court is unwilling to quash the Subpoena on these arguments alone, then in the alternative, the Court should require the government to submit an affidavit under oath asserting what proper purpose the Second Grand Jury and the Subpoena actually serve. In re Grand Jury Proceedings (Schofield), 486 F.2d at 93 (requiring government to file affidavit demonstrating propriety of grand jury subpoena); In the Matter of the Special February 1975 Grand Jury, 565 F.2d 407, 410 (7th Cir. 1977) (allowing grand jury subpoena following sufficient government pleadings as to purpose of grand jury, grand jury foreman affidavit as to investigative aim of grand jury, and *in camera* review of grand jury transcripts); United States v. Salameh, 152 F.3d 88, 109 (2d Cir. 1998) (allowing grand jury subpoena following government affidavit explaining nature of investigation). The Fourth Circuit has implicitly recognized the propriety of such a procedure. Cf. United States v. Neely, 76 F.3d 376, at *12 (4th Cir. Feb. 13, 1996) (unpub.) (upholding grand jury subpoena following sufficient government proffer as to purposes of investigation).

12

Any such affidavit in support of the government's actions should be made in an open filing to allow the Defendants to contest it. In re Grand Jury Proceedings (Schofield), 486 F.2d at 93 (requiring government to submit affidavit as to propriety of grand jury investigation and holding that, "unless extraordinary circumstances appear, the nature of which we cannot anticipate, the Government's supporting affidavit should be disclosed to the witness . . ."); see also id. at 94 (Seitz, J., concurring) ("It seems to me that such a minimal requirement is almost indispensable if citizens are to be afforded minimum protection against the possible arbitrary exercise of power by a prosecutor through use of the grand jury machinery.").[4]

At the very least, the Court should stay enforcement of the Subpoena. If the Court denies the Defendants' motion, the Defendants have the automatic right to an interlocutory appeal. In re Matter of Grand Jury, 619 F.2d 1022, 1024-26 (3d Cir. 1980) (allowing immediate appeal because "when a party, other than the one to whom a subpoena has been addressed, moves to quash the subpoena, the denial of his motion disposes of his claim fully and finally"). As such, the Court should not allow the government to require Mrs. Burns to appear before the Second Grand Jury or produce any documents until such time as an appeal, if any, is resolved.

## III.  CONCLUSION

For all of the foregoing reasons the Court should (i) immediately order the government to

---

[4] While the Defendants do not, at this point, request such oversight, the court in Schofield implicitly approved of a procedure whereby the court (i) actually met and conferred with the grand jury to determine, for itself, the purposes of the investigation, (ii) pledged to continue to confer with the grand jury as time passed to inquire as to its progress, and (iii) held that it would take "necessary and appropriate action" should it become apparent to the court that the grand jury were functioning improperly. In re Grand Jury Proceedings (Schofield), 486 F.2d at 93 (quoting with approval In re Grand Jury Subpoena to Central States, 225 F. Supp. 923, 925-26 (N.D. Ill. 1964)).

hold in abeyance Mrs. Burns's appearance before the Second Grand Jury until resolution of this

motion, (ii) quash the Subpoena as an improper use of the Second Grand Jury for gathering

evidence for a pending criminal indictment, and/or (iii) require the government to file an

affidavit on the open record supporting the alleged propriety of the Second Grand Jury

investigation and the Subpoena in particular. If the Court denies the Defendants' motion outright

or after such an affidavit, the Court should stay enforcement of the Subpoena to allow the

Defendants an immediate appeal, if necessary.

Dated: September 22, 2006      Respectfully Submitted,

**ATTORNEYS FOR MICHAEL A. SINGER**

By:  /s/ John Simmons
John Simmons, Esquire
1711 Pickens Street
Columbia, South Carolina 29202
(803) 779-4600
jsimmons@simmonslawfirm.com

By:  /s/ Randall J. Turk
Randall J. Turk
Christopher R. Cooper
BAKER BOTTS L.L.P.
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Tel: (202) 639-7700
Fax: (202) 639-7890
randy.turk@bakerbotts.com
casey.cooper@bakerbotts.com

**ATTORNEYS FOR JOHN H. KANG**

By: /s/ Eduardo Kelvin Curry
Eduardo Kelvin Curry
Curry Counts and Huger
P.O. Box 80399
Charleston, South Carolina 29416
(843) 573-0143
currycountspa@aol.com

By: /s/ John F. Lauro
John F. Lauro
Karen L. Nashbar
Lauro Law Firm
101 E. Kennedy Boulevard
Tampa, Florida 33602
(813) 222-8900
jlauro@laurolawfirm.com
knashbar@laurolawfirm.com


**ATTORNEYS FOR JOHN P. SESSIONS**

By: /s/ Dale Dutremble
Dale Dutremble
Dale Dutremble, LLC
P.O. Box 2326
Mt. Pleasant, South Carolina 29465
(843) 740-2553
ddutremble@northcharleston.org
ddutremble@hotmail.com

By: /s/ Gary R. Trombley
Gary R. Trombley, Esquire
Ronald Hanes, Esquire
Matt Luka, Esquire
Trombley & Hanes, P.A.
Tampa Theatre Building, 10th Floor
707 North Franklin Street
Tampa, Florida 33601
(813) 229-7918
Fax: (813) 223-5204
gtrombley@trombleyhaneslaw.com
rhanes@trombleyhaneslaw.com
mluka@trombleyhaneslaw.com

**ATTORNEYS FOR LEE ROBBINS**

By:  /s/ Gregory Poole Harris
Gregory Poole Harris
1720 Main Street
Suite 301
Columbia, SC  29201
(803) 779-7080
Fax:  (803) 799-4059
gharris@gharrislaw.com

By:  /s/ Dale R. Sisco
Dale R. Sisco
Mark Wilfred Ciaravella
Dale R Sisco Law Office
500 E Kennedy Boulevard
Suite 100
Tampa, Florida  33602
(813) 224-0555
Fax:  (803) 221-9736
dsisco@sisco-law.com
mciaravella@sisco-law.com


**ATTORNEYS FOR CHARLES L. HUTCHINSON**

By:  /s/ Sherri A. Lydon
Sherri A. Lydon, Esquire
2530 Canterbury Road
Columbia, South Carolina  29204
(803) 331-8690
Fax:  (803) 753-9093
slydon@sc.rr.com

By:  /s/ Kevin Napper
Kevin Napper, Esquire
Adam P. Schwartz, Esquire
Carlton Fields, P.A.
Corporate Center Three at International Plaza
4221 West Boy Scout Boulevard
P.O. Box 3239
Tampa, Florida  33601-3239
(813) 229-4312/(813) 223-7000
Fax: (813) 229-4133
knapper@carltonfields.com
aschwartz@carltonfields.com

**ATTORNEYS FOR DAVID A. WARD**

By: /s/ Andrea K. St. Amand
Andrea K. St. Amand, Esquire
Nelson Mullins Riley & Scarborough
151 Meeting Street, Suite 600
Charleston, South Carolina 29401
(843) 534-4212
andrea.st.amand@nelsonmullins.com
nld.law@verizon.net (Secretary)

By: /s/ John M. Fitzgibbons
John M. Fitzgibbons, Esquire
Tampa Theatre Building
707 North Franklin Street, Suite 700
Tampa, Florida 33602-4441
(813) 221-8800
Fax: (813) 228-9813
fitzgibbons.law@verizon.net

**ATTORNEYS FOR FREDERICK B. KARL, JR.**

By: /s/ James M. Griffin
James M. Griffin, Esquire
1116 Blanding St., Suite 2B
Columbia, South Carolina 29201-2840
P.O. Box 999
Columbia, South Carolina 29202
(803) 744-0800
jmp@jmgriffinlaw.com

By: /s/ James K. Robinson
James K. Robinson, Esquire
Philip Urofsky, Esquire
Cadwalader Wickersham & Taft, LLP
1201 F Street, N.W., Suite 1100
Washington, D.C. 20004
(202) 862-2462/(202) 862-2494
Fax: (202) 862-2400
jim.robinson@cwt.com
philip.urofsky@cwt.com

**ATTORNEYS FOR TED W. DORMAN**

By: /s/ Alexander M. Sanders, Jr.
Alexander M. Sanders, Jr.
William Norman Nettles
Sanders and Nettles
914 Richland St.
Suite A-102
Columbia, South Carolina 292014
(803) 779-9966
Fax: (803) 256-2302
alex@billnettles.com
billn@billnettles.com

By: /s/ Timothy M. Broas
Timothy M. Broas
Winston and Strawn
1700 K Street, NW
Washington, DC 20006
(202) 282-5750
tbroas@winston.com

**ATTORNEYS FOR MAXIE A. JUZANG**

By: /s/ Andrew J. Savage, III
Andrew J. Savage, III, Esquire
Savage & Savage, P.A.
P.O. Box 1002
Charleston, South Carolina 29402
(843) 720-7470
andy@savlaw.com

By: /s/ Terree A. Bowers
Terree A. Bowers, Esquire
Howrey, LLP
550 South Hope Street, Suite 1100
Los Angeles, California 90071
(213) 892-1882
bowerst@howrey.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Intervene and Quash Improper Grand Jury Subpoena, and the accompanying Memorandum of Law in Support of Motion to Intervene and Quash Improper Grand Jury Subpoena, were served on all counsel of record via the Court's ECF system on the 22nd day of September, 2006.

_____

# Exhibit A



U.S. Department of Justice

Criminal Division



Washington, D.C. 20530

TO WHOM IT MAY CONCERN:

Re: GRAND JURY SUBPOENA

Dear Sir or Madam:

You have been subpoenaed to testify before the Federal Grand Jury for the session beginning at the date and time indicated on your subpoena. You are under subpoena for the entire session, which typically lasts for two or three days. For your convenience, however, **PLEASE CALL CLARISSA WHALEY, GRAND JURY COORDINATOR, COLLECT AT (843) 727-4381 TO OBTAIN YOUR SCHEDULING INFORMATION.** Ms. Whaley will be able to give you the exact date and time you will be scheduled to testify.

Also attached is a notice which contains information reimbursement for your expenses.

Sincerely,

PAUL E. PELLETIER
ACTING CHIEF, FRAUD SECTION
CRIMINAL DIVISION
UNITED STATES DEPARTMENT OF JUSTICE

BY: _____
Jerrob Duffy, Trial Attorney

AO 110 (Rev. 12/89) Subpoena to Testify Before Grand Jury

# United States District Court

DISTRICT OF _____  SOUTH CAROLINA

TO:
**TERRY RADHA BURNS**
**2631 N.W. 418T ST., #E-2**
**GAINESVILLE, FLORIDA**

COPY

## SUBPOENA TO TESTIFY
### BEFORE GRAND JURY

SUBPOENA FOR:

☒ PERSON  ☒ DOCUMENT(S) OR OBJECT(S)

YOU ARE HEREBY COMMANDED to appear and testify before the Grand Jury of the United States District Court at the place, date, and time specified below.

| PLACE | COURTROOM |
|---|---|
| **UNITED STATES COURTHOUSE** **HOLLINGS JUDICIAL CENTER** **85 BROAD STREET** **CHARLESTON, SOUTH CAROLINA** | **GRAND JURY SUITE** **B-LEVEL / ROOM 08** DATE AND TIME **SEPTEMBER 12, 2006** **10:00 a.m.** |

YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):*

*ALL DOCUMENTS RELATING OR INCIDENT TO LOANS OR EXTENSIONS OF CREDIT TO MEDICAL MANAGER CORP. OR ITS SUCCESSORS FROM FEDERALLY INSURED FINANCIAL INSTITUTIONS FOR THE TIME PERIOD 1997 TO THE PRESENT.*

## *NOTE:* PLEASE REFERENCE SUBPOENA NUMBER *2:06-5001* ON ANY AND ALL CORRESPONDENCE PERTAINING TO THIS SUBPOENA.

: . Please see additional information on reverse

This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| CLERK | DATE |
|---|---|
| LARRY W. PROPES, Clerk | |
| (BY) DEPUTY CLERK *Susan K. Sawders* | AUGUST 1, 2006 GJ# 2:06-5001 JD/bjf |

This subpoena is issued on application of the United States of America

NAME, ADDRESS AND PHONE NUMBER OF ASSISTANT U.S. ATTORNEY

**JERROB DUFFY**
**TRIAL ATTORNEY - USDOJ**
**202-514-4018**

# UNITED STATES DEPARTMENT OF JUSTICE

# DISTRICT OF SOUTH CAROLINA

## "ADVICE OF RIGHTS"

1. THE GRAND JURY IS CONDUCTING AN INVESTIGATION OF POSSIBLE VIOLATIONS OF FEDERAL CRIMINAL LAWS INVOLVING ___BANK FRAUD___ .

2. YOU MAY REFUSE TO ANSWER ANY QUESTIONS IF A TRUTHFUL ANSWER TO THE QUESTION WOULD TEND TO INCRIMINATE YOU.

3. ANYTHING THAT YOU DO SAY MAY BE USED AGAINST YOU BY THE GRAND JURY OR IN A SUBSEQUENT LEGAL PROCEEDING.

4. IF YOU HAVE RETAINED COUNSEL, THE GRAND JURY WILL PERMIT YOU A REASONABLE OPPORTUNITY TO STEP OUTSIDE THE GRAND JURY ROOM TO CONSULT WITH COUNSEL, IF YOU SO DESIRE.

**NOTE:** THIS "ADVICE OF RIGHTS" FORM IS GIVEN AS A GENERAL PRACTICE TO ALL GRAND JURY WITNESSES, WITHOUT REGARDS TO CULPABILITY.



**U.S. Department of Justice**

*United States Attorney*

*District of South Carolina*

First Union Building
Suite 500
1441 Main Street
Columbia, SC 29201
(803) 929-3000
FAX (803) 254-2943

170 Meeting Street
Post Office Box 978
Charleston, SC 29402
(843) 727-4381
FAX (843) 727-4443

John L. McMillan Federal
Building, Room 122
401 W. Evans Street
Post Office Box 1567
Florence, SC 29503
(843) 665-6688
FAX (843) 678-8809

103 N. Spring Street
Suite 200
Post Office Box 10067
Greenville, SC 29603
(864) 282-2100
FAX (864) 233-7158

Reply to: Charleston

## TO WHOM IT MAY CONCERN:

The United States Government is paying for your lodging only in this establishment while you testify on its behalf. Any incidental expenses you incur while at this establishment (e.g., telephone calls, room service, garage parking) must be paid by you to the hotel either in cash or by personal credit card. Therefore, at check-in, the hotel will require you to present a personal credit card or put down a small cash deposit. If you refuse to comply with one of these methods, the establishment may elect to cut off such services as mentioned above.

Your meals, parking and local transportation expenses will be reimbursed to you by the United States Marshals Service after your testimony and upon completion of a voucher, provided by your contact in the United States Attorney's Office. Claims other than meals that exceed $25 must be supported by a receipt.

If you have any questions, please contact Sherie M. Carney, Victim/Witness Coordinator, at 843 727-4879 or 800-504-2630. Please take a cab from airport to hotel and back to airport.

36

**U.S. DEPARTMENT OF JUSTICE**

**INSTRUCTIONS FOR FACT WITNESSES APPEARING ON**
**BEHALF OF THE UNITED STATES GOVERNMENT**
(Not Applicable to Federal Employees)

**CHARLESTON**

READ THE INFORMATION CONTAINED ON THIS FORM BEFORE YOUR COURT APPEARANCE. PLEASE CALL THE INDIVIDUAL(S) LISTED BELOW FOR INFORMATION REGARDING TRAVEL ARRANGEMENTS AND SPECIFIC ENTITLEMENTS. IF YOU HAVE A MEDICAL CONDITION OR FAMILY SITUATION LISTED BELOW AS POSSIBLE. CONSIDERATION, PLEASE ADVISE THE INDIVIDUAL, LISTED BELOW AS SOON AS POSSIBLE.

CONTACT PERSON(S): SHERIE CARVEY   TELEPHONE NUMBER: 1-843-727-4679 OR 1800-504-2510
(If Mrs. Carvey is not available please call Renae Mellow at 1-800-929-3012)

= VERIFY YOUR ATTENDANCE =

On the last business day BEFORE you travel to court, call the above number to verify that your attendance is required. This may prevent a wasted trip in the event the trial date is changed.

= APPEARANCE IN ANOTHER CITY =

If you are required to travel to another city to appear in court, immediately contact the individual listed above and request instructions. Any amount advanced to you will be deducted from your fees and allowances.

= REIMBURSEMENT OF EXPENSES AND ATTENDANCE FEES =

A.   ATTENDANCE FEE: You will be paid a fee of $40 per day, including travel days.

B.   TRANSPORTATION: Call the individual listed above to obtain information on transportation. Reimbursement will be made for travel by the least expensive method reasonably available to you. The following rules apply to transportation expenses:

1.   Local Travel: The recommended method of travel in the local area of court is travel bus/subway.

2.   Privately Owned Vehicles (POV): You will be reimbursed the following amounts:

    Motorcycle 28.5 ¢ per mile    Automobile 44.5¢ per mile    Airplane 58.5¢ per mile

In addition to the above mileage allowance, necessary tolls, parking and other fees may be reimbursed. You must keep a record of your odometer readings if you travel by motorcycle or automobile. If two or more witnesses travel in the same vehicle, only one reimbursement for mileage can be made.

IF POV EXPENSES, INCLUDING MILEAGE, TOLLS, PARKING AND OTHER ASSOCIATED COSTS ARE GREATER THAN THE GOVERNMENT AIRFARE, YOU WILL BE RESPONSIBLE FOR THE DIFFERENCE.

3.   Common Carrier: If you are located outside the local court area, CALL THE INDIVIDUAL LISTED ABOVE FOR INSTRUCTIONS. Train, bus or airline will be reimbursed at the Government rate. Reimbursement WILL NOT be made for First Class accommodations, "Frequent Flyer" credits, or charter service. DO NOT purchase non-refundable tickets, if your appearance date changes or is cancelled, you WILL NOT be reimbursed for non-refundable tickets. If you have any questions concerning transportation arrangements, please contact the individual(s) listed above.

C.   MEALS: If it is necessary for you to remain away from home overnight, you will receive the following daily meal allowances:

    $ 27.00 for each travel day    PLUS    $54.00 for each full day at court

D.   LODGING: If it is necessary for you to remain away from home overnight, you will be reimbursed for the ACTUAL COST of your hotel/motel room, which may not exceed $96.00 per night, including tax.

= YOU MUST RETAIN RECEIPTS =

ALL CLAIMS FOR PARKING MUST BE SUPPORTED BY A RECEIPT. OTHER EXPENSES EQUAL TO $25 OR MORE MUST BE SUPPORTED BY A RECEIPT, WITH THE EXCEPTION OF MEALS AND MILEAGE.

= DISBURSAL =

When you are advised that your attendance is no longer required, you should request information regarding the payment of the fees and allowances outlined above. The individual requiring your attendance will provide you with a Fact Witness Voucher. You will be required to list your expenses on this Voucher. The Voucher will be submitted to the U.S. Marshals Service for payment. The U.S. Marshals Service will process the voucher and MAIL the payment to you. If you require funds to return home, you must bring this fact to the attention of the individual requiring your attendance, who will notify the U.S. Marshals Service.

U.S. Government Printing Office: 1994 405-020/47243

Form OBD-4
MARCH 1994

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case Number: 9:05-928 |
| | ) | |
| MICHAEL A. SINGER, et al. | ) | |
| ———————————————— | ) | |

| | | |
|---|---|---|
| IN RE GRAND JURY SUBPOENA | ) | GJ# 2:06-5001 |
| DATED AUGUST 1, 2006 | ) | |
| ———————————————— | ) | |

## DECLARATION OF TERRY RADHA BURNS

TERRY RADHA BURNS declares and states as follows:

1.    My name is Terry Radha Burns. I am over the age of 18. I make this Declaration based on my personal knowledge.

2.    I am a former employee of Medical Manager Corporation and its successors (hereinafter, collectively "Medical Manager") and of its predecessor, Personalized Programming. I was employed by Medical Manager from 1997 until 2005. Until in and around 2000, I was principally employed as controller for Medical Manager's Research & Development division, located in Alachua, Florida. After that date, I also held the positions of Vice President of Financial Operations and regional controller for Network Services, a division of Medical Manager also located in Alachua, Florida.

3. My responsibilities at Medical Manager's Research & Development office in Alachua, Florida, including at Network Services, involved the reporting of financial information for operations to Medical Manager's corporate headquarters in Tampa, Florida.

4. At no time during my employment with Medical Manager was I responsible for or had substantive knowledge of Medical Manager's corporate banking activities. I had no substantive discussions with anyone else at Medical Manager concerning any such banking activities.

5. I have never worked at Medical Manager's corporate headquarters in Tampa, Florida, nor at WebMD's corporate headquarters in New Jersey.

6. I never interacted, on Medical Manager's behalf, with any federally insured bank, federal reserve bank, or any member of the federal reserve system. Nor did I have any involvement in Medical Manager's obtaining of any money, funds, or other property owned by or under the custody or control of a federally chartered or insured financial institution.

7. Thus, I have no knowledge of or "documents relating or incident to loans or extensions of credit to Medical Manager or its successors from federally insured financial institutions for the time period 1997 to the present," as described in the subpoena dated August 1, 2006, in Grand Jury Matter #2:06-5001.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 20, 2006.

_____
Terry Radha Burns

40

# Exhibit C



United States Attorney

District of South Carolina

| Wachovia Building | 151 Meeting Street | John L. McMillan Federal | 105 N. Spring Street |
|---|---|---|---|
| Suite 500 | Suite 200 | Building, Room 222 | Suite 200 |
| 1441 Main Street | Post Office Box 978 | 401 W. Evans Street | Post Office Box 10067 |
| Columbia, SC 29201 | Charleston, SC 29402 | Post Office Box 1567 | Greenville, SC 29603 |
| (803) 929-3000 | (843) 727-4381 | Florence, SC 29503 | (864) 282-2100 |
| FAX (803) 254-2912 | FAX (843) 727-4443 | (843) 665-6688 | FAX (864) 233-3158 |
| | | FAX (843) 678-8809 | |

Reply to:  Charleston

TO WHOM IT MAY CONCERN:

### RE:  GRAND JURY SUBPOENA DUCES TECUM

Dear Sir or Madam:

   You have been served with a subpoena which requires that certain records be delivered to the United States Grand Jury for the District of South Carolina.  You may comply with this subpoena in any of the following ways:

   (1) You may personally appear before the Grand Jury and present the records.  If you wish to comply in this manner, please contact me so that your appearance before the Grand Jury can be scheduled.

OR

   (2) You may turn the records over to one of the investigative agents working on this matter.  If you wish to comply in this manner, contact the agent who served the subpoena on you, or contact me so that the necessary arrangements for picking up the records can be made.    You must also complete the attached Certificate of Compliance/Waiver of Appearance form and provide it to the agent when you turn over the records.

OR

   (3) You may mail the records by <u>certified mail</u> to me at the address below.  If you wish to comply in this manner, complete the attached Certificate of Compliance/Waiver of Appearance form and send it along with the records by <u>certified mail</u>.  The records <u>must</u> be received prior to the date indicated on the subpoena.

MAS

42

Also attached is a declaration pursuant to Federal Rule of Evidence 902. The Federal Rules of Evidence were recently amended to provide for the self-authentication of records of regularly conducted activity, i.e., business records. The new rule provides that business records may be admitted *without the need for calling a witness from the business* if a declaration certifying that the records meet the requirements of the business records exception to the hearsay rule has been completed by a competent person. Any individual familiar with the record keeping practices of your business is a competent person to complete the declaration. Therefore, the return of the fully completed declaration should eliminate any need for us to call a witness from your business should the investigation giving rise to the issuance of this subpoena result in a criminal trial.

If you have any questions, please contact me as soon as possible.

Sincerely,

J. STROM THURMOND, JR.
UNITED STATES ATTORNEY

BY: _____

Miller W. Shealy, Jr.
First Assistant United States Attorney
P.O. Box 978
Charleston, South Carolina
(843) 266-1669

# United States District Court

COPY

DISTRICT OF _____ SOUTH CAROLINA

TO: **MEDICAL MANAGER RESEARCH & DEVELOPMENT, INC.**
15151 N.W. 99TH STREET
ALACHUA, FLORIDA 32615

## SUBPOENA TO TESTIFY
## BEFORE GRAND JURY

SUBPOENA FOR:

☐ PERSON   ☒ DOCUMENT(S) OR OBJECT(S)

YOU ARE HEREBY COMMANDED to appear and testify before the Grand Jury of the United States District Court at the place, date, and time specified below.

| PLACE | COURTROOM |
|---|---|
| UNITED STATES COURTHOUSE HOLLINGS JUDICIAL CENTER 85 BROAD STREET CHARLESTON, SOUTH CAROLINA | GRAND JURY SUITE B LEVEL / ROOM 08 |
| | DATE AND TIME September 9, 2003 10:00 a.m. |

YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

## *SEE ATTACHMENT*

# *NOTE:* PLEASE REFERENCE SUBPOENA NUMBER *2:03-3206* ON ANY AND ALL CORRESPONDENCE PERTAINING TO THIS SUBPOENA.

☐ *Please see additional information on reverse*

This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| CLERK | DATE |
|---|---|
| LARRY W. PROPES, Clerk (B) *Lisa Lichling* (BY) DEPUTY CLERK | AUGUST 28, 2003 GJ# 2:03-3206 MWS/bjf |

This subpoena is issued on application of the United States of America

NAME, ADDRESS AND PHONE NUMBER OF ASSISTANT U.S. ATTORNEY
MILLER W. SHEALY, JR.
ASSISTANT UNITED STATES ATTORNEY
P.O. BOX 978, CHARLESTON, SC 29402
(843) 727-4381

*If not applicable, enter "none"

44

**Attachment to Subpoena-** *Medical Manager Research & Development, Inc.*

All corporate and financial records for the years 1997 to the present relating to violations of Title 18, United States Code, Sections 1341, 1343, 1348, 1956(a)(1)(B)(i), and Title 15, United States Code, Sections 78j(b), 78ff, 78m(b)(2)(A) and 78m(b)(5) of *WebMD Corporation, Medical Manager Health Systems, Inc.*, formerly known as *Medical Manager Corporation*, and its subsidiaries, including but not limited to: *Medical Manager Research & Development, Inc.; Medical Manager Sales & Marketing, Inc.; Medical Manager Southeast, Inc.; Medical Manager Northeast, Inc.; Medical Manager Midwest, Inc.; Medical Manager Northwest, Inc.; Medical Manager West, Inc., and Medical Manager Southwest, Inc.*, more fully described below:

1. All merger and acquisition files as listed on **Exhibit B-1**, created and maintained by the following:

   - Merger & Acquisition Department, and/or Robert Davids, VP of Merger & Acquisitions;

   - Controller/Assistant Controller's Office, and/or Charlie Hutchinson, Controller and/or Carolyn Bembry, Assistant Controller; and

   - General Counsel's Office and/or Frank Krieger, Associate General Counsel.

2. Any and all restatement files or documents relating to the of $5.5 million of revenue during August, 1999 to include memorandums, accounting workpapers, schedules, spreadsheets, notes or minutes of meetings, personal notes, journals and correspondence.

3. Any and all certification statements prepared, dated and signed on or about August 22-23, 1999 relating to the restatement of the $5.5 million of revenue involving bulk license sale agreements, by the following current or former employees or others:

   - Michael A. "Mickey" Singer, CEO & former Chairman of the Board
   - John Kang, President
   - John Sessions, Chief Operating Officer (COO)
   - David Ward, Vice President of Sales
   - Lee Robbins, Chief Financial Officer (CFO)
   - Charlie Hutchinson, Controller
   - Carolyn Bembry, Assistant Controller;
   - Frederick Karl, General Counsel;

*Attachment to Subpoena-Medical Manager Research & Development, Inc.*

- Frank Krieger, Associate General Counsel and
- Robert Davids, VP Mergers & Acquisitions.

4. Any and all tape recordings and/or transcripts of conference calls or meetings between MMC or MMHS and financial analysts.

5. Any and all motions, answers, depositions, settlements agreements, relating to civil lawsuits in which MMC, MMHS or its subsidiaries and WebMD were named as defendants by Ernie Lang, Richard Dryja, and Dominic Sputo, and communications of corporate officers, including Krieger and Karl, regarding the settlements of these lawsuits.

6. Corporate Minute Books and/or minutes of meetings by the Board of Director's or the Audit Committee and related committee meetings.

7. Stock Register or other records reflecting ownership and transfer of corporate stock including the grants of stock options to employees.

8. Retained copies of all federal and state income tax returns and financial statements and/or accountant's workpapers used in the preparation of the tax returns to include trial balances and adjusting journal entries.

9. Bank statements of all master, parent and subsidiary checking, savings, money market, investment and/or sweep accounts, including cancelled checks, deposits slips, deposit items, wire transfer notices and monthly bank reconciliations & worksheets.

10. Any and all accounting and financial records, including but not limited to the following:

- General Ledger & Journals
- Subsidiary Ledgers & Journals
- Financial Statements & Reports
- Cash Receipts records to include deposit logs
- Cash Disbursement records
- Purchase Records &/or Journals to include purchase orders
- Accounts Receivable Ledgers & records to include Aging Reports, Trial Balance, Reserve for Doubtful Accounts, Gross Up & Roll Forward Schedule
- Accounts Payable Ledgers & records to include invoices & aging reports
- Bad Debt records
- Cost of Goods Sold records

*Exhibit B*

- Loans Receivable & Payable Ledgers
- Sales & Expense Invoices
- Receiving Reports & Logs
- Shipping Reports & Logs
- Notification of Return (NOR) forms – return of goods to suppliers
- Bills of Lading
- Vendor Invoices
- Deferred Revenue Account records & reconciliations

11. Any and all Sales & Income Ledgers & Records including but not limited to the following:

- Software licensing agreements
- Purchase & License Agreements (PLA)
- Sales Proposals & Orders
- Administrative worksheets
- Client or Customer PLA's files
- All PLA databases or spreadsheets
- Revenue Recognition Checklist
- Billing Scheduler of job installations
- Job Files
- Work Orders
- Customer Invoices

12. Any and all Customer Sales files to include, but not limited to, the following entities:

- Cleveland Health,
- Ford Health,
- Staten Island Medical,
- Vita Care,
- Urban Medical,
- Catholic Medical Center,
- Sports Medicine, Boston, MA,
- Health Choice Network,
- Huntington Medical Group,
- Collier Health Center,
- Children's Hospital, Boston, MA,
- Coastal Medical, Rhode Island,
- First Choice,
- Hitchcock Medical,
- Medical Mutual,

47

*Attachment to Subpoena-Medical Manager Research & Development, Inc.*

- Total Renal Care and
- Pediatrics Associates.

13. Any and all Subsidiary accounting and finance records reported in company "Blue Books" monthly, quarterly and yearly to including but not limited to the following:

- Cover Letter-Analysis of Results of Operation,
- Financial reports,
- Roll forward schedules - additions & removals of balance sheet accounts,
- Financial Analysis - General Ledger & Account Receivable analysis,
- Departmental Financial Reports - revenue & expenses by departments,
- Back Order Reports - undelivered sales orders of top ten revenue producing jobs,
- Miscellaneous reports - bank reconciliations, monthly bank statements, account receivable reconciliations.

14. All Consolidated and/or subsidiary monthly, quarterly and annual MAS90 accounting reports or other computerized accounting system reports, including but not limited to the following:

- Balance Sheets
- Trial Balances
- Custom Reports
- Account Receivable Aging Reports
- Sale Tax Reports
- Client Statements
- Open Sales Order Reports
- Sales Analysis
- Accounts Payable Aging
- Check History Report
- Purchases Clearing Accrual
- Inventory Detail Report
- Unearned Revenue Report
- General Ledger Analysis
- Account Receivable Analysis
- Statements of Operations and Accumulated Deficit (Income Statements)
- Statement of Cash Flows
- Summary Income Statements
- Adjusting Journal Entries
- Roll Forward Schedules
- Head Count Schedules

*Attachment to Subpoena-Medical Manager Research & Development, Inc.*

- Acquisition Schedules
- Back Order Reports.

15.    All Controller's or Accountants' Month-end closing checklists.

16.    All Regional and consolidated weekly sales forecasts (revenue and earnings forecasts).

17.    All Company press statements or releases relating to company financial results, disclosures or any financial aspects of the companies.

18.    All Senior Treasury Analyst reports, files and spreadsheets.

19.    All Employee Expense Reports of:

- Michael A. "Mickey" Singer, CEO & former Chairman of the Board
- John Kang, President
- John Sessions, Chief Operating Officer (COO)
- David Ward, Vice President of Sales
- Lee Robbins, Chief Financial Officer (CFO)
- Charlie Hutchinson, Controller
- Frank Krieger, Associate General Counsel
- Robert Davids,VP Mergers & Acquisitions.

20.  Email communications and attached files "attachments," of the following executives, general counsels, paralegal, administrative assistants, controllers, assistant controller, regional vice presidents and regional controllers:

- Marty Wygod, Chairman of the Board of Directors
- Anthony Vuolo, Senior VP of Business development,
- Kirk G. Layman, Senior VP and Administration CFO
- Michael "Mickey" A. Singer, Chairman of the Board,
- Sandy Plumb, Administrative Assistant to Singer
- John Kang, President,
- John P. Sessions, Chief Operating Officer (COO)
- David Ward, Vice-president (VP) of Sales,
- Robert "Bobby" Davids, VP Merger & Acquisitions
- Pat Sedlacek, Assistant Merger & Acquisitions
- Lee Robbins, Chief Financial Officer (CFO),
- Charlie Hutchinson, Controller,
- Carolyn Bembry, Assistant Controller
- Shelby Stilp, Admin Manager/Secretary

*Attachment to Subpoena-Medical Manager Research & Development, Inc.*

- Henry "Hank" Holbrook, Northeast Regional VP,
- Tom Liddell, Midwest Regional VP,
- Randall "Buck" Rogers, Northeast Regional VP,
- Ted Dorman, Southeast Regional VP,
- Maxie Juzang, West Regional VP
- Kevin Kennedy, Controller Northeast
- Bob Easterday, Controller Southeast
- Dave Donovan, Controller Northeast
- Darren Broom, Controller Midwest
- Ian Hockenberger, Controller Northwest
- Charles Petty, Controller Southwest

As to the following individuals, only email communications and attached files "attachments," relating to: 1) the restatement of $5.5 million of revenue during August, 1999 to include memorandums, accounting workpapers, schedules, spreadsheets, notes or minutes of meetings, personal notes, journals and correspondence 2) certification statements prepared, dated and signed on or about August 22-23, 1999 relating to the restatement of the $5.5 million of revenue involving bulk license sale agreements and 3) the improper recognition of revenue to include software and systems sales:

- David Amburgy, In-house counsel to WebMD
- Rick Karl, Chief General Counsel and
- Frank Krieger, Assistant General Counsel,
- Ilene Levy, Paralegal
- Jim Mercer, Special Counsel to WebMD

21. Records of loans to and from employees which may be disguised as compensation or bonuses, to include loan agreements notes, settlement sheets, contracts, retained copies of checks issued for loans, repayment records, including but not limited to: John Kang, John Sessions or any others in a upper management or executive position.

22. Any all employee files or Human Resource files to include employment contracts, agreements, separation and/or severance agreements, relating to but not limited to the following employees:

- Marty Wygod, Chairman of the Board of Directors, WebMD
- Anthony Vuolo, Senior VP of Business Development, WebMD

Attachment to Subpoena-Medical Manager Research & Development, Inc.

- Kirk G. Layman, Senior VP and Administrative CFO, WebMD
- Jim Mercer, Special Counsel, WebMD
- David Amburgy, In-house Counsel, WebMD
- Michael "Mickey" A. Singer, Chairman of the Board, MMHS
- John Kang, President, MMHS
- John P. Sessions, Chief Operating Officer, MMHS
- David Ward, VP of Sales, MMHS
- Robert "Bobby" Davids, VP, Merger and Acquisitions
- Pat Sedlacek, Assistant, Merger and Acquisitions
- Lee Robbins, Chief Financial Officer, MMHS
- Charlie Hutchinson, Controller, MMHS
- Carolyn Bembry, Assistant Controller, MMHS
- Rick Karl, Chief General Counsel, MMHS
- Frank Krieger, Associate General Counsel
- Henry "Hank" Holbrook, Northeast Regional VP
- Tom Liddell, Midwest Regional VP
- Randall "Buck" Rogers, Northeast Regional VP
- Ted Dorman, Southeast Regional VP
- Maxie Juzang, West Regional VP
- Kevin Kennedy, Controller, Northeast
- Bob Easterday, Controller, Southeast
- Dave Donovan, Controller, Northeast
- Darren Broom, Controller, Midwest

23. The personal files, notes, correspondence, diaries, calendars, PDA's of the following employees:

- Marty Wygod, Chairman of the Board of Directors, WebMD
- Anthony Vuolo, Senior VP of Business Development, WebMD
- Kirk G. Layman, Senior VP and Administrative CFO, WebMD
- Jim Mercer, Special Counsel, WebMD
- David Amburgy, In-house Counsel, WebMD
- Michael "Mickey" A. Singer, Chairman of the Board, MMHS
- John Kang, President, MMHS
- John P. Sessions, Chief Operating Officer, MMHS
- David Ward, VP of Sales, MMHS
- Robert "Bobby" Davids, VP, Merger and Acquisitions, MMHS
- Pat Sedlacek, Assistant, Merger and Acquisitions, MMHS
- Lee Robbins, Chief Financial Officer, MMHS
- Charlie Hutchinson, Controller, MMHS

*Attachment to Subpoena-Medical Manager Research & Development, Inc.*

- Carolyn Bembry, Assistant Controller, MMHS
- Rick Karl, Chief General Counsel, MMHS
- Frank Krieger, Associate General Counsel, MMHS
- Henry "Hank" Holbrook, Northeast Regional VP
- Tom Liddell, Midwest Regional VP
- Randall "Buck" Rogers, Northeast Regional VP
- Ted Dorman, Southeast Regional VP
- Maxie Juzang, West Regional VP
- Kevin Kennedy, Controller, Northeast
- Bob Easterday, Controller, Southeast
- Dave Donovan, Controller, Northeast
- Darren Broom, Controller, Midwest

## EXHIBIT B-1

| | Dealer/Company Name | Location | Owner/principal | Quarter Acquired |
|---|---|---|---|---|
| 1 | LSM Computing, Inc. | Somerville, NJ | Sheryl Miller | 30-Apr-97 |
| 2 | UNICO | Evansville, IN | Kevin Elpers | 31-May-97 |
| 3 | Specialized Systems, Inc. | Van Nuys, CA | Maxie Juzang | 31-May-97 |
| 4 | Adaptive Health Systems of Washington | Federal Way, WA | Buck Rogers | 31-May-97 |
| 5 | Treister Thorne d/b/a Advanced Medical Mgmt | Houston, TX | Earl Heckeroth | 30-Jun-97 |
| 6 | Computer Clinic | White Plains, NY | Mike Sherman | 31-Jul-97 |
| 7 | Artemis . | Indianapolis, IN | Stephanie Heckman | 31-Jul-97 |
| 8 | Medisys, Inc | Ft. Wayne, IN | | 31-Aug-97 |
| 9 | Boston Computer | Boston, MA | John Wisbach | 31-Aug-97 |
| 10 | PacComp | Sterling Hts, MI | John, Kevin Knaffla | 31-Aug-97 |
| 11 | Computers for Medicine/ Carecom, Inc. | Englewood, CO | Richard Dryja | 30-Sep-97 |
| 12 | AMSC | Orlando, FL | NDC-John Indrigo | 30-Sep-97 |
| 13 | AMSC Kansas | Topeka, KS | NDC-John Indrigo | 30-Sep-97 |
| 14 | Matrix Computer Consultants | Norman, OK | Paula Blakely | 30-Sep-97 |
| 15 | Professional Management Systems, Inc. | St. Charles, IL | Rick Merhlick | 30-Sep-97 |
| 16 | Data Concepts | Boise, ID | John Nelson | 31-Oct-97 |
| 17 | Medical Systems Consultants | Boise, ID | John Nelson | 31-Oct-97 |
| 18 | Advanced Practice Management | San Diego, CA | James Malone | 30-Nov-97 |
| 19 | Medico Support Services | Portland, OR | John Palanuk | 30-Nov-97 |
| 20 | Unisource, Inc. | Corpus Christi, TX | Neil Gallagher | 30-Nov-97 |
| 21 | CompRx | Long Island, NY | Mike Morrison | 31-Dec-97 |
| 22 | CT Florida | Columbia, SC | Bob Higgins | 31-Dec-97 |
| 23 | CT Texas | Columbia, SC | Bob Higgins | 31-Dec-97 |
| 24 | Medical Practice Support Services, Inc. | Pittsburgh, PA | Evelyn Bennett | 20-Feb-98 |
| 25 | Healthcare Informatics, Inc. | Springfield, IL | Ernie Lang | 27-Feb-98 |
| 26 | Strategic Systems , Inc. | Denver, CO | Dave Eggert | 28-Feb-98 |
| 27 | Management Integrated Solutions | Houston, TX | Ed ? | 4-Apr-98 |
| 28 | BCBS Arizona/ CSA Provider Services | Phoenix, AZ | Gene Carruth | 25-Jun-98 |
| 29 | Qualified Technologies | Baton Rouge, LA | Joe Palazzo | 30-Jun-98 |
| 30 | Joanne Gehrlach | | Joanne Gehrlach | 30-Jun-98 |
| 31 | Healthcare Automation Assoc. | Phoenix, AZ | Mitch Whalen | 30-Jun-98 |
| 32 | Health-Tech Systems | El Paso, TX | Joe Olney | 30-Jun-98 |
| 33 | Intelligent Concepts | Los Angeles, CA | Ali Tehrani | 30-Jun-98 |
| 34 | Wahltek | Des Moines, IA | Bruce Fagerstrom | 1-Sep-98 |

*Attachment B-1*

| 35 | LLBC - Les Doss | San Antonio, TX | Less Doss | 21-Sep-98 |
|----|-----------------|-----------------|-----------|-----------|
| 36 | Medical Design & Images, Inc. | Austin, TX | Dave Berlad | 30-Sep-98 |
| 37 | Prism Microcomputers, Inc. | Fairfax, VA | Tom Bernhardt | 30-Sep-98 |
| 38 | Monette Information Systems | Smithfield, VA | Alan Monette | 30-Sep-98 |
| 39 | Advantage Medical Systems, Inc. | Hurricane, WV | Brad Layne | 30-Sep-98 |
| 40 | Medical Systems, Inc. | Dallas, TX | Ham Ojha | 30-Sep-98 |
| 41 | Circle Software | Miami, FL | Paul Greenburg | 30-Nov-98 |
| 42 | Lee Data Systems | Plymouth Meeting, PA | Bob Lee | 31-Dec-98 |
| 43 | MSO Billing Services, Inc. | Dallas, TX | Ham Ojha | 31-Dec-98 |
| 44 | ProMed | New Haven, CT | Ron Nophsker | 31-Dec-98 |
| 45 | MedData Corp. | Elliott City, MD | Mike Glorioso | 31-Dec-98 |
| 46 | Computer Business Solutions | Indianapolis, IN | Hugh Teal | 31-Mar-99 |
| 47 | Meditech, Inc. | Clarksville, IN | John Bernier | 31-Mar-99 |
| 48 | Advanced Medical Office d/b/a I.E. Corp | Stockton, CA | S. Dobbins mom | 31-Mar-99 |
| 49 | Premier Support Services | Dallas, TX | Ham Ojha | 31-Mar-99 |
| 50 | Shared Business Services, Inc. | Clearwater, FL | | 31-Mar-99 |
| 51 | Business Support Systems, Inc. | Chesapeake, VA | Robbie, | 31-Mar-99 |
| 52 | MedTech | Great Neck, NY | George King | 31-Mar-99 |
| 53 | Specialized Computer Systems, Inc. | Dubois, PA | Brian Taylor | 31-Mar-99 |
| 54 | Medical Systems Plus | Lafayette, LA | Elvis ?? | 31-Mar-99 |
| 55 | Uniserv, Inc | Baton Rouge, LA | Mike O'Neal | 31-Mar-99 |
| 56 | PM 2000 - CSC Healthcare, Inc. | Birmingham, AL | Dennis Dooley | 31-Mar-99 |
| 57 | Raven Healthcare | Nashville, TN | Tom Cook | 4-Jun-99 |
| 58 | Quantum Healthcare | Fresno, CA | John Dodson | 9-Jun-99 |
| 59 | Western Computer | San Luis Obispo, CA | | 11-Jun-99 |
| 60 | Don Friesen & Associates | Bakersfield, CA | Don Friesen | 12-Jun-99 |
| 61 | BCBS of Georgia | Columbus, GA | Larry Miller | 30-Jun-99 |
| 62 | Turnkey Physician Systems | Amarillo, TX | Steve ? | 30-Jun-99 |
| 63 | Diversified Management Services | Oklahoma City, OK | | 30-Jun-99 |
| 64 | Wismer Martin | Spokane, WA | PCN | 9-Jul-99 |
| 65 | Hyperion Business Systems | Oakland, CA | Joe Tu | 20-Jul-99 |
| 66 | Mooney Edward Enterprises, Inc. | Pensacola, FL | Nick Edwards | 28-Jul-99 |
| 67 | Turnkey Business Systems | Nashville, TN | Harold Guldin | 23-Sep-99 |
| 68 | Intellex | Ft. Myers, FL | Paul Williams | 24-Sep-99 |
| 69 | Abacus Data Systems, Inc. | Elkhart, IN | Steve ? | 27-Sep-99 |

*Attachment B-1*

| | | | | |
|---|---|---|---|---|
| 70 | Merit Systems | Alabama | Al Overton | 30-Sep-99 |
| 71 | Modern Business Machines | Chadron, NE | Mike Spencer | 30-Sep-99 |
| 72 | Lapook Lear Systems | New York, NY | Dr. Lapook | 30-Sep-99 |
| 73 | Health-Net Services of WA & AK, Inc. | Alaska | Mark Towner | 12-Oct-99 |
| 74 | Physician Computer Network (PCN) | Morris Plains, NJ | | 7-Dec-99 |
| 75 | Micro Edge, Inc. | Stamford, CT | Glen Moss | 16-Dec-99 |
| 76 | TKI Computer Services | Benton, AR | Terry Kidd | 31-Dec-99 |
| 77 | Clinical Management Solutions, Inc. | Norcross, GA | | 31-Dec-99 |
| 78 | PSI Computer Systems | Highland, CA | Paul Walling | 31-Dec-99 |
| 79 | Resource America | Louisville, KY | | 31-Dec-99 |
| 80 | Microsense | Springfield, MO | Jim Benson | 31-Dec-99 |
| 81 | Logimed | | | 31-Dec-99 |
| 82 | Service Dimensions | Overland Park, KS | Kory Bostwick | 31-Dec-99 |
| 83 | Briar Hill Enterprises, Inc. | Northbrook, IL | Dale Ginsburg | 28-Feb-00 |
| 84 | Direct 1 Medical | Atlanta, GA | | 28-Feb-00 |
| 85 | Midsouth | Memphis, TN | Brad Holt | 28-Feb-00 |
| 86 | SciNet (incl. Netics) | Scottsdale, AZ | Yitzhak Benzvi | 7-Mar-00 |
| 87 | Delta Computing Solutions, LLC | Pittsburgh, PA | | 14-Mar-00 |
| 88 | Healthcare Communications | Lincoln, NE | Mike Edwards | 20-Mar-00 |
| 89 | PCAnywhere Group, LLC | Danbury, CT | Diego | 23-Mar-00 |
| 90 | Medical Software Specialists, Inc. | Galesburg, IL | Brad Gustafson | 31-Mar-00 |
| 91 | Innovative Healthcare Solutions, Inc. | Chicago, IL | | 31-Mar-00 |
| 92 | Medical Office Management Solutions, Inc. | Little Rock, AR | Ann Laman | 31-Mar-00 |
| 93 | Altman Information | Chicago, IL | Art Altman | 31-Mar-00 |
| 94 | Americlaims, Ltd. | Beaumont, TX | John Henry Nelson | 31-Mar-00 |
| 95 | Meds America - 3 subs | Houston, TX | Mike Reeves | 31-Mar-00 |
| 96 | HealthPro Solutions, Inc. | Windsor, CA | Jeff Thompson | 31-Mar-00 |
| 97 | Advanced Healthcare Solutions | Orlando, FL | Greg Coates | 31-Mar-00 |
| 98 | Aztec Financial | Ft. Myers, FL | Lee Ropps | 31-Mar-00 |
| 99 | Systems Design Group | Kentucky? | Homer Combs | 31-Mar-00 |
| 100 | Benchmark Systems LA | New Orleans, LA | Chip Snyder | 31-Aug-00 |
| 101 | Microage | Portsmouth, OH | Pat Chamberlin | 31-Dec-00 |
| 102 | Business & Professional Computers | Dickson, TN | | 31-Dec-00 |
| 103 | Focus Services | Long Beach, CA | Charles Ume | 31-Mar-01 |
| 104 | BICC | Cornelius, NC | Dan Cronin | 31-Mar-01 |
| 105 | Automated Professional | S. Padre Island, TX | Mike Koehler | 31-Mar-01 |
| 106 | ATI Wisconsin | Milwaukee, WI | Nancy Haack | 31-Mar-01 |
| 107 | Touch Point | Boston, MA | Ed Mamey | 31-Mar-01 |
| 108 | Borgess Medical | Michigan | Robert Dehaven | 30-Jun-01 |

*Attachment B-1*

| | | | |
|---|---|---|---|
| 109 | Midwest Medical Practice | Columbus, OH ? | Steve Barnes | 30-Jun-01 |
| 110 | MSC | St. Louis, MO | Rick Williams | 30-Jun-01 |
| 111 | Healthcare Automation | Fresno, CA | Dennis Nebeker | 30-Jun-01 |
| 112 | Med Master | Tampa, FL | Glen Musto | 30-Jun-01 |
| 113 | YCP | Milwaukee, WI | Pat Popp | 30-Jun-01 |
| 114 | Small Wonder | Charleston, WV | Jay Sanders | 31-Mar-02 |
| 115 | Compu-Craft | Connecticut | Dave Scollo | 31-Mar-02 |
| 116 | Computer Consultants | Hollywood, FL | Jack Levy | 31-Mar-02 |
| 117 | Computer Masters | Virginia | Ken Layman | 31-Mar-02 |
| 118 | CCS Enterprises | Linkwood, MD | Bob Willey | 30-Jun-02 |
| 119 | ABMS | Medford, OR | Bill Little | 30-Jun-02 |
| 120 | ProMed | Lantana, FL | Jere Dixon | 30-Jun-02 |
| 121 | WinTech | Scottsdale, AZ | Craig Soller | 30-Jun-02 |
| 122 | Vann Data | Daytona Beach, FL | Todd Huffstickler | 30-Jun-02 |
| 123 | Doctor's Computer | Miami, FL | Carol Campi | 30-Jun-02 |
| 124 | Computer Systems and Solutions | Holton, ME | Jim Berry | 30-Jun-02 |
| 125 | United Software Architects | San Antonio, TX | Brad Fairchild | 30-Jun-02 |
| 126 | Computerease Kansas | Topeka, KS | Joe Lagarde | 30-Sep-02 |
| 127 | Computer Systems of Yakima | Yakima, WA | Bob Guchee | 30-Sep-02 |
| 128 | JB Associates | California | Jyoti Bhakru | 30-Sep-02 |
| 129 | IATRO Consulting | California | Evanthia Kinion | 30-Sep-02 |
| 130 | Sierra Medical | Fresno, CA | Keven Cornell | 30-Sep-02 |
| 131 | Client Medical Services | San Diego, CA | Madeline Anella | 30-Sep-02 |
| 132 | Adaptive Health of Phoenix | Phoenix, AZ | Tom Spina | 30-Sep-02 |
| 133 | JMK Computers | New York | Dr. Rajendran | 30-Sep-02 |
| 134 | Peachtree Associates | Atlanta, GA | Ed Jacobson | 30-Sep-02 |
| 135 | Computerease | New Orleans, LA | Joe Lagarde | 30-Sep-02 |
| 136 | Triad Physician | Raleigh, NC | Steve Anderson | 31-Dec-02 |
| 137 | Personal Best | Chapel Hill, NC | Jerry Wilson | 31-Dec-02 |

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:  
GRAND JURY PROCEEDINGS

SUBPOENA NO. 2:03-3206

## WAIVER OF GRAND JURY APPEARANCE

I, _____, do hereby state that I am the authorized records custodian for purposes of responding to the subpoena duces tecum directed to:

**MEDICAL MANAGER RESEARCH & DEVELOPMENT, INC.**

returnable to a Federal Grand Jury for the District of South Carolina in the City of Charleston on **SEPTEMBER 9, 2003**.

(date)

As authorized records custodian, I know and understand that I have an absolute right to personally appear, at the expense of the United States, before the Grand Jury in response to the aforesaid subpoena duces tecum; and to testify and produce for the Grand Jury, under oath, the records called for by the subpoena. Nonetheless, I do hereby choose to knowingly and voluntarily waive my right to personally appear before the Grand Jury for the District of South Carolina, and my right to testify and produce for the Grand Jury, under oath, all those records called for by the subpoena duces tecum.

## CERTIFICATE OF COMPLIANCE

To the best of my knowledge and belief as authorized records custodian, the records which I hereby produce to the Grand Jury for the District of South Carolina were made and maintained as a regular practice, and were made and maintained during the regular course of business.

I hereby certify, under penalty of perjury, that I have caused the appropriate records to be searched ant to the best of my knowledge, all of the records required by the aforesaid grand jury subpoena are contained in the attached sealed envelope/container.

_____  
(date)

_____  
(signature of records custodian)

# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | | |
|---|---|---|---|
| IN RE: | Grand Jury Subpoena<br>No. 03-3206 | )<br>)<br>) | DECLARATION PURSUANT<br>TO FED.R.EVID. 902(11) |

I, _____, declare the

following:                              Name and address

    1.    I am employed by MEDICAL MANAGER RESEARCH & DEVELOPMENT, INC.. My title is _____. As a result of my employment with MEDICAL MANAGER RESEARCH & DEVELOPMENT, INC. I am familiar with the record keeping practices of MEDICAL MANAGER RESEARCH & DEVELOPMENT, INC..

    2.    I have reviewed the records that will be provided by MEDICAL MANAGER RESEARCH & DEVELOPMENT, INC. in response to a subpoena #03-3206. Those records are attached to this affidavit and made part hereof by specific reference.

    3.    The records attached to this subpoena:

a.    were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

b.    were kept in the course of a regularly conducted business activity;

c.    were made by the regularly conducted activity as a regular practice;

d.    are duplicates of the originals.

    I declare under penalty of perjury that the foregoing is true and correct. Executed on _____.

        Date

                                    _____

                                      Signature